DASHOW v. HARRISON, Collector of Internal Revenue.

No. 44–C–876.

United States District Court
N. D. Illinois, E. D.

Feb. 8, 1946.

554

Brown & West, Chicago, Ill., for plaintiff.

Otto Kerner, Jr., Chicago, Ill., for defendant.

IGOE, District Judge.

### Findings of Fact

1. The Glencoe Park District was organized in 1911 under state law. Pursuant to the statute it has maintained playgrounds, baseball diamonds, skating rinks and other facilities, including Glencoe Beach, a sandy area on Lake Michigan in the City of Glencoe.

2. No charge was levied by the District against Glencoe residents or anyone else at any time prior to 1929 for the use of the Glencoe Beach or any of its facilities. During said period of 1911 to 1929 the expenses and costs of operating and maintaining said beach were paid by the District out of general property taxes.

3. Since 1929 the Commissioners of the Park District have fixed charges against both Glencoe families and others not resident in Glencoe for the use of the Glencoe Beach and prescribed that no one, under penalty of being held guilty of a misdemeanor, should use the beach and facilities except on payment of the charges. The schedule of charges was as follows:

"No person shall use said beach or shall swim or bathe in the waters adjoining any such beach unless such person shall first have paid the charges required by the Board of Park Commissioners.

(a) On Saturday, Sunday and Holidays

Persons more than twelve years of age .............. $1.00
Persons twelve years or less .. .50

(b) On days other than Saturday, Sundays or Holidays

Persons more than twelve years of age .............. .50
Persons twelve years or less .. .25

(c) Family ticket for the season, entitling resident members of the family to whom it is issued, and not to exceed 25 out- of town guests for the entire season to the use of the beach and bath-house ................. 3.00

(d) Adidtional guests each ....... .25

(e) Rent of single locker per season ....................... .75
($.25 to be refunded at the end of the season upon the return of the locker key.)

Private lockers rental per day .15

Season resident family ticket must be exhibited to the attendant or police officer on duty at the Halfway house on request. Such resident family ticket must be obtained by filing application together with required fees with the Park Board office or the attendant at the Halfway house."

4. On June 24, 1943, the plaintiff, a resident of Glencoe, Illinois, paid the specified charge of $3 for a season ticket for himself, his family and guests and when such payment was made the District issued to him a ticket which, except for the number appearing thereon, read as follows:

"Season of 1943

"$3.00 plus tax

### "Glencoe Beach Ticket

"The ticket issued subject to all rules and regulations of the Glencoe Park District and entitles Glencoe resident members of the family to whom it is issued, to the use of the bathing facilities at Glencoe Beach. (Persons not eligible to purchase tickets and when accompanied by a member of the family holding this ticket may be admitted as guests. A limit of twenty-five guests during the season will be allowed on each ticket. A fee of twenty-five

cents will be charged for each additional guest over twenty-five).

5. When the plaintiff paid said charge of $3 for the use of Glencoe Beach for himself, the members of his family and guests, he was required to and did pay to the Park District in connection therewith the sum of thirty cents as an admissions tax, which is the admissions tax in controversy. This sum was paid over to the defendant by the Park District. A refund claim for a refund of said tax was duly filed by the plaintiff with the defendant on or about October 5, 1943, and was rejected by the Commissioner of Internal Revenue on July 12, 1944.

6. The beach contained locker rooms, dressing rooms, bath service, showers and foot bathing facilities, and along the beach were playground facilities, picnic fireplaces, picnic tables and all kinds of lifesaving apparatus. The District employed life guards, a matron, a janitor and a gatekeeper for the purpose of adequately controlling and policing the beach so as to safeguard the users thereof.

7. There was an authorized entrance and passageway to the beach with an attendant stationed there to examine tickets of admission. People were able, however, to gain access to the beach from the sides since no effective barricades existed. While the District on occasion denied access to the beach to persons without a ticket, it never attempted bodily to eject any individual who gained entrance without a ticket, (i. e., without having paid the charge fixed by the District for the use of the beach) nor has it ever taken any disciplinary action against any such individual except to request him to leave.

8. The revenues derived by the District from general property taxes for the year 1943 and for a number of years both prior and subsequent thereto have not been sufficient to enable the District to maintain and operate all of its facilities and parks and also at the same time to pay all the costs and expenses of operating, maintaining and regulating Glencoe Beach. The charge for beach tickets was fixed to approximate the cost of the beach. The receipts, however, did not during the taxable year equal the cost of maintaining the beach and such deficits as existed were paid out of funds raised by federal taxes.

### Conclusions of Law

1. The charge of $3 which the plaintiff paid in 1943 for the season ticket to enter and use Glencoe Beach was paid for admission to a place within the meaning of Internal Revenue Code, Section 1700(a), 26 U.S.C.A. § 1700(a).

2. The tax of thirty cents which was collected by the Park District from the plaintiff in connection with the issuance of the season ticket of admission was properly imposed under the federal statute.

3. The plaintiff is not entitled to any recovery in this action.

4. The defendant is entitled to recover from the plaintiff the costs herein taxed as $15.